**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ROBIN STREATER, | : | |
| | : | Civil Action No. 11-1504 (RMB) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| WILLIAM HAUCK, et al., | : | |
| | : | |
| Respondents. | : | |

**APPEARANCES:**

Petitioner pro se
Robin Streater
#533852
Edna Mahan Correctional Facility
P.O. Box 4004
Clinton, NJ 08809

Counsel for Respondents
Nancy P. Scharff
Camden County Prosecutor's Office
Motions & Appeals Unit
25 North Fifth Street
Camden, NJ 08102-1231

**BUMB**, District Judge

Petitioner Robin Streater, a prisoner currently confined at Edna Mahan Correctional Facility, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondents are William Hauck and Paula Dow.

For the reasons stated herein, the Petition will be denied on the merits, or in the alternative, dismissed for failure to exhaust state court remedies.

## I.   BACKGROUND

Petitioner was indicted for numerous offenses, but on June 3, 2005, entered into a plea agreement.  At the June 6, 2005 plea hearing, Petitioner pled guilty to first degree aggravated manslaughter.  She was sentenced to a 17 year term of incarceration on July 29, 2005, and the judgment of conviction was filed by the Superior Court of New Jersey, Law Division, Criminal Part, Camden County on August 1, 2005.  Petitioner filed a notice of appeal in the Superior Court of New Jersey, Appellate Division on November 30, 2005.  Oral argument was heard by the Appellate Division on September 19, 2006 and the sentence was affirmed on September 22, 2006.  Petitioner filed a petition for certification in the New Jersey Supreme Court, which was denied there on January 31, 2007.  On July 30, 2007, Petitioner filed a motion to withdraw her guilty plea, which was interpreted by the court as a motion for post-conviction relief ("PCR").  The court heard oral arguments on December 23, 2008 and filed an order to deny PCR on January 5, 2009.  The Appellate Division affirmed on July 26, 2010.  Thereafter, Petitioner filed a petition for certification, which was denied on January 7, 2011.  The clerk of

the court here received Petitioner's undated petition on March 17, 2011.[1]

## II.  28 U.S.C. § 2254

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254 now provides, in pertinent part:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254 (a).

With respect to any claim adjudicated on the merits in state court proceedings, the writ shall not issue unless the adjudication of the claim

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

---

[1]The petition as received appears to have missing pages. Petitioner did not respond to the notice filed pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), as to whether she wished for the petition as filed to be her one all-inclusive § 2254 petition.  Further, Petitioner did not submit any traverse to the response submitted by Respondents, in which Respondents noted that certain pages appeared to be missing. This Court will rule on the petition as filed.

A state court decision is "contrary to" Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or "if the state court confronts a set of facts that are materially indistinguishable from a decision of th[e] Court and nevertheless arrives at a result different from [the Court's] precedent." Williams v. Taylor, 529 U.S. 362, 405-06 (2000) (O'Connor, J., for the Court, Part II).  A state court decision "involve[s] an unreasonable application" of federal law "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," and may involve an "unreasonable application" of federal law "if the state court either unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply," (although the Supreme Court expressly declined to decide the latter).  Id. at 407-09.  To be an "unreasonable application" of clearly established federal law, the state court's application must be objectively unreasonable. Id. at 409.  In determining whether the state court's application of Supreme Court precedent was objectively unreasonable, a habeas court may consider the decisions of inferior federal courts. Matteo v. Superintendent, 171 F.3d 877, 890 (3d Cir. 1999).

4

Even a summary adjudication by the state court on the merits of a claim is entitled to § 2254(d) deference. <u>Chadwick v. Janecka</u>, 302 F.3d 107, 116 (3d Cir. 2002) (<u>citing</u> <u>Weeks v. Angelone</u>, 528 U.S. 225, 237 (2000)). With respect to claims presented to, but unadjudicated by, the state courts, however, a federal court may exercise pre-AEDPA independent judgment. <u>See Hameen v. State of Delaware</u>, 212 F.3d 226, 248 (3d Cir. 2000), <u>cert. denied</u>, 532 U.S. 924 (2001). In such instances, "the federal habeas court must conduct a de novo review over pure legal questions and mixed questions of law and fact, as a court would have done prior to the enactment of AEDPA." <u>Appel v. Horn</u>, 250 F.3d 203, 210 (3d Cir. 2001) (citing <u>McCandless v. Vaughn</u>, 172 F.3d 255, 260 (3d Cir. 1999)). "However, § 2254(e)(1) still mandates that the state court's factual determinations are presumed correct unless rebutted by clear and convincing evidence." <u>Simmons v. Beard</u>, 590 F.3d 223, 231 (3d Cir. 2009).

The deference required by § 2254(d) applies without regard to whether the state court cites to Supreme Court or other federal caselaw, "as long as the reasoning of the state court does not contradict relevant Supreme Court precedent." <u>Priester v. Vaughn</u>, 382 F.3d 394, 398 (3d Cir. 2004) (citing <u>Early v. Packer</u>, 537 U.S. 3 (2002); <u>Woodford v. Visciotti</u>, 537 U.S. 19 (2002)).

Although a petition for writ of habeas corpus may not be granted if the Petitioner has failed to exhaust his remedies in state court, a petition may be denied on the merits notwithstanding the petitioner's failure to exhaust his state court remedies.  See 28 U.S.C. § 2254(b)(2); Lambert v. Blackwell, 387 F.3d 210, 260 n.42 (3d Cir. 2004); Lewis v. Pinchak, 348 F.3d 355, 357 (3d Cir. 2003).

Finally, a pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989).

III.  ANALYSIS

A.  Petitioner's Claims

1.  Claims Regarding Ineffective Assistance of Counsel

In point one of the petition, Petitioner states that defense counsel rendered constitutionally ineffective assistance during the trial and plea proceeding and during sentencing. Specifically, Petitioner argues that counsel did not argue the existence of mitigating factors at the sentencing stage and failed to have Petitioner evaluated in a psychiatric examination

to support evidence of mitigating factors in the manner of a
potential assessment of battered women's syndrome.

As to this issue, the Superior Court of New Jersey Appellate
Division stated on the record:

> We're satisfied that even if it would have been
> appropriate for the trial court to have identified
> provocation as a mitigating sentencing factor, that there
> are such compelling aggravating factors in this case that
> the Court could not conclude that a 20-year sentence which
> is the presumptive, the old presumptive now midrange of
> aggravated manslaughter would constitute an abuse of
> discretion.
> And those aggravating factors particularly emanate out
> of this defendant's very substantial record that include
> three prior convictions for aggravated assault and one for
> arson, as well as numerous municipal court offenses.  And in
> light of that very substantial and serious record, we see no
> basis upon which the 20-year term could be found to
> constitute an abuse of discretion even if an additional –
> even if some mitigating factors should have been identified
> in the course of sentencing and we will affirm.

(Answer, Ex. Rta3, Appellate Division Transcript at 7-8
(September 19, 2006)).  The Appellate Division affirmed the
sentence in an order filed September 22, 2006.

Petitioner raised this issue during PCR, and it in its later
opinion during the appeal of the PCR decision, the Appellate
Court similarly affirmed, stating that they were satisfied "that
no matter what more defense counsel may have said, the same
negotiated sentence would have been imposed and, based on our
scope of review, would have been affirmed. (Answer, Ex. Ra17,
Opinion of the Appellate Division at 4 (July 26, 2010)).

The Counsel Clause of the Sixth Amendment provides that a criminal defendant "shall enjoy the right ... to have the Assistance of Counsel for his defence."  U.S. Const. amend. VI. The right to counsel is "the right to <u>effective</u> assistance of counsel."  <u>McMann v. Richardson</u>, 397 U.S. 759, 771 n.14 (1970) (emphasis added).

To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must show both that his counsel's performance fell below an objective standard of reasonable professional assistance and that there is a reasonable probability that, but for counsel's unprofessional errors, the outcome would have been different.  <u>Strickland v. Washington</u>, 466 U.S. 668, 687, 694 (1984).  A "reasonable probability" is "a probability sufficient to undermine confidence in the outcome."  <u>Strickland</u> at 694. Counsel's errors must have been "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." <u>Id.</u> at 687.  "When a defendant challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt."  <u>Id.</u> at 695.

The performance and prejudice prongs of <u>Strickland</u> may be addressed in either order, and "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice ... that course should be followed."  <u>Id.</u> at 697.

8

There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689.  As a general matter, strategic choices made by counsel after a thorough investigation of the facts and law are "virtually unchallengeable," though strategic choices "made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation."  Id. at 690-91.  If counsel has been deficient in any way, however, the habeas court must determine whether the cumulative effect of counsel's errors prejudiced the defendant within the meaning of Strickland.  See Berryman v. Morton, 100 F.3d 1089, 1101-02 (3d Cir. 1996).

Here, Petitioner has not shown that but for counsel's unprofessional errors, the outcome would have been different.  On the contrary, the court below stated that even if mitigating factors had been presented, the sentence would have remained the same.

The state court decisions were neither contrary to, nor involved an unreasonable application of, clearly established federal law, nor were they based upon an unreasonable determination of the facts in light of the evidence presented. Petitioner is not entitled to relief on this claim.

9

2.   <u>Claims Regarding Sentencing</u>

In point two of the Petition, Petitioner alleges that her sentencing hearing was tainted by inclusion of investigative reports in the presentence report which was considered by the court at sentencing.   Petitioner argues that including investigative reports regarding the underlying offense violated <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) and <u>Blakely v. Washington</u>, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).

<u>Apprendi</u> holds that, pursuant to the Sixth Amendment right to trial by jury, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory minimum must be submitted to a jury, and proved beyond a reasonable doubt."  <u>Apprendi</u>, 530 U.S. at 490. <u>Blakely</u> reversed a sentence imposed under Washington state's sentencing system, explaining that "the relevant statutory maximum is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings."  <u>Blakely</u>, 542 U.S. at 302 (internal quotations omitted).  <u>United States v. Booker</u>, 534 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), applied the rule of <u>Apprendi</u> to the United States Sentencing Guidelines, finding the Guidelines unconstitutional and rendering them merely advisory rather than mandatory.

In State v. Natale, 373 N.J.Super. 226, 861 A.2d 148 (N.J. App.Div. 2004), aff'd in part and rev'd in part, 184 N.J. 458, 878 A.2d 724 (N.J. 2005),[2] the New Jersey Supreme Court evaluated the constitutionality of the New Jersey sentencing system in view of the Apprendi line of cases.  As it allowed for sentencing beyond the statutory maximum presumptive term, the New Jersey Supreme Court found the state sentencing system to be unconstitutional and determined that the appropriate remedy would be to follow the lead of Booker and abolish presumptive terms. "Without presumptive terms, the 'statutory maximum' authorized by the jury verdict or the facts admitted by a defendant at his guilty plea is the top of the sentencing range for the crime charged, e.g., ten years for a second-degree offense." Natale, 184 N.J. at 487 (citation omitted).

As to Petitioner's claim regarding an alleged violation of her Sixth Amendment right to a jury trial, this Court finds no merit.  Petitioner was sentenced pursuant to the plea agreement which was negotiated by the parties.  In its opinion affirming the denial of PCR, the Superior Court of New Jersey Appellate Division, while addressing the issue of ineffective assistance of

---

[2]While Petitioner did not include arguments based on State v. Natale in her Petition before this court, Petitioner did raise a Natale claim before the Superior Court of New Jersey Appellate Division, as noted below.

11

counsel in regard to the sentencing proceeding, referenced this
issue in a footnote, stating:

> While defendant can move to have removed from the pre-
> sentence report any fact in contest which might adversely
> affect her classification or parole status, the pre-sentence
> report was probably not contested at sentencing as it would
> have made no difference with respect to the negotiated
> sentence imposed.  <u>See</u> <u>State v. Kunz</u>, 55 N.J. 128 (1969).
> The <u>Natale</u> argument has no impact given this plea and
> sentence below the then-presumptive term.  <u>State v. Natale</u>,
> 184 N.J. 458 (2008).

(Answer, Ex. Ra17, Appellate Division Opinion at 5, n.3 (July 26,
2010)).

As Respondents note in their brief, while it could be
questioned whether Petitioner came with the <u>Natale</u> "pipeline,"[3]
Petitioner's sentence of 17 year term of incarceration was three
years less than the presumptive term of 20 years, and as such,
the sentencing court's imposition of that term would not have
violated <u>Blakely</u> or <u>Natale</u>.  Further, the sentencing court
imposed the sentence as recommended in the plea agreement, and
Petitioner has pointed to nothing in the record to suggest that
the court was influenced by the challenged information from the
presentence report.

---

[3]The <u>Natale</u> decision was rendered on August 2, 2005 and
applied "pipeline retroactivity" to defendants whose cases were
on direct appeal at that time and those who had raised <u>Blakely</u>
claims during trial or during direct appeal.  <u>Natale</u>, 184 N.J. at
494.

Petitioner has not provided this Court with any justification to grant habeas relief as to this issue, and as such, this claim for habeas relief will be denied.

B.   Exhaustion of State Court Remedies

In the alternative, as Respondents assert in their Answer, Petitioner has failed to exhaust her state remedies with respect to point two of the petition, her allegation that the sentencing hearing was tainted by inclusion of investigative reports in the presentence report.  The record indicates that Petitioner did not raise this claim on direct appeal or during PCR proceedings; it appears that the issue was first raised during appeal of the PCR decision.  Since Petitioner's claims as to this issue were not fully exhausted, the Petition must be dismissed.

A state prisoner applying for a writ of habeas corpus in federal court must first "exhaust[] the remedies available in the courts of the State," unless "there is an absence of available State corrective process[] or ... circumstances exist that render such process ineffective ...."  28 U.S.C. § 2254(b)(1).  See Rose v. Lundy, 455 U.S. 509, 515 (1982); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997), cert. denied, 532 U.S. 919 (2001) (finding that "Supreme Court precedent and the AEDPA mandate that prior to determining the merits of [a] petition, [a court] must consider whether [petitioner] is required to present [his or her] unexhausted claims to the [state's] courts").

A petitioner exhausts state remedies by presenting his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in collateral post-conviction proceedings.  See, e.g., O'Sullivan v. Boerckel, 526 U.S. 838, 847 (1999) ("requiring state prisoners [in order to fully exhaust their claims] to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997) (collateral attack in state court is not required if the petitioner's claim has been considered on direct appeal); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.")  Once a petitioner's federal claims have been fairly presented to the state's highest court, the exhaustion requirement is satisfied. Castille v. Peoples, 489 U.S. 346, 351 (1989)(citing Picard v. Connor, 404 U.S. 270, 275 (1971)).

The petitioner generally bears the burden to prove all facts establishing exhaustion.  Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993).  This means that the claims heard by the state courts must be the "substantial equivalent" of the claims asserted in the federal habeas petition.  Picard, 404 U.S. at 275.  Reliance

14

on the same constitutional provision is not sufficient; the legal theory and factual basis must also be the same.  Id. at 277.

Generally, district courts should dismiss petitions containing unexhausted claims in the absence of a state court decision clearly precluding further relief, even if it is not likely that a state court will consider the claims on the merits. Rose v. Lundy, 455 U.S. at 522; Banks v. Horn, 126 F.3d 206, 212-14 (3d Cir. 1997); see also Toulson, 987 F.2d at 989 ("Because no [New Jersey] court has concluded that petitioner is procedurally barred from raising his unexhausted claims and state law does not clearly require a finding of default, we hold that the district court should have dismissed the petition without prejudice for failure to exhaust state remedies").  But see Christy v. Horn, 115 F.3d 201, 206-07 (3d Cir. 1997) ("in rare cases exceptional circumstances of peculiar urgency may exist which permit a federal court to entertain an unexhausted claim").

Because the one-year statute of limitations enacted by AEDPA in 1996 is not statutorily tolled by the premature filing of a federal habeas petition, see Duncan v. Walker, 533 U.S. 167 (2001), federal courts sometimes may stay § 2254 habeas proceedings to permit prisoners to exhaust state claims. Petitioner has not requested such a stay.

The exhaustion requirement is a "total exhaustion" rule; that is, all claims presented in the federal habeas petition must

15

have been exhausted in state court.  Rose v. Lundy, 455 U.S. 509
(1982).  At the time Lundy was decided, there was no statute of
limitation on the filing of federal habeas petitions.  The
enactment in 1996 of a one-year limitations period for § 2254
habeas petitions,[4] however, "'has altered the context in which
the choice of mechanisms for handling mixed petitions is to be
made.'"  Crews v. Horn, 360 F.3d 374, 379 (2d Cir. 2011), cert.
denied, 534 U.S. 1015 (2001)).  Because of the one-year
limitations period, dismissal of a timely-filed mixed petition
may forever bar a petitioner from returning to federal court.
"Staying a habeas petition pending exhaustion of state remedies
is a permissible and effective way to avoid barring from federal
court a petitioner who timely files a mixed petition."  Crews,
360 F.3d at 151.  The Court of Appeals for the Third Circuit has
held that "when an outright dismissal could jeopardized the
timeliness of a collateral attack, a stay is the only appropriate
course of action."  Crews, 360 F.3d at 154.

    The Supreme Court has somewhat limited the stay-and-abeyance
rule announced in Crews.

        [S]tay and abeyance should be available only in limited
        circumstances.  Because granting a stay effectively excuses
        a petitioner's failure to present his claims first to the
        state courts, stay and abeyance is only appropriate when the
        district court determines there was good cause for the
        petitioner's failure to exhaust his claims first in state
        court.  Moreover, even if a petitioner had good cause for

_____

        [4] See 28 U.S.C. § 2244(d).

that failure, the district court would abuse its discretion
if it were to grant him a stay when his unexhausted claims
are plainly meritless.

...

On the other hand, it likely would be an abuse of
discretion for a district court to deny a stay and to
dismiss a mixed petition if the petitioner had good cause
for his failure to exhaust, his unexhausted claims are
potentially meritorious, and there is no indication that the
petitioner engaged in intentionally dilatory litigation
tactics.  In such circumstances, the district court should
stay, rather than dismiss, the mixed petition. ...  For the
same reason, if a petitioner presents a district court with
a mixed petition and the court determines that stay and
abeyance is inappropriate, the court should allow the
petitioner to delete the unexhausted claims and to proceed
with the exhausted claims if dismissal of the entire
petition would unreasonably impair the petitioner's right to
obtain federal relief.

Rhines v. Weber, 544 U.S. 269, 277-78 (2005) (citations omitted).

Even where a stay and abeyance is appropriate, the district

court's discretion in structuring the stay is limited by the

timeliness concerns reflected in the one-year statute of

limitations.  "Thus, district courts should place reasonable time

limits on a petitioner's trip to state court and back."  Id. at

278.  See also Crews, 360 F.3d at 154 ("If a habeas petition is

stayed, the petitioner should be given a reasonable interval,

normally 30 days, to file his application for state post-

conviction relief, and another reasonable interval after the

denial of that relief to return to federal court.  If a

petitioner fails to meet either time-limit, the stay should be

vacated nunc pro tunc.")(citations omitted).

17

Here, it appears that Petitioner failed to exhaust the claims presented here as point two.  Thus, Petitioner has presented this Court with a "mixed" petition, but has not requested a stay, nor has she presented any facts or argument suggesting that there is good cause for the failure to exhaust state remedies.  There is no reason to ask Petitioner if she would like to withdraw her unexhausted claim and proceed with the exhausted claim (point one of the petition), as the both claims asserted in the petition are meritless, as discussed above.

IV.  <u>CERTIFICATE OF APPEALABILITY</u>

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 327 (2003).

Here, Petitioner has failed to make a substantial showing of the denial of a constitutional right.  No certificate of appealability shall issue.

18

V.   <u>CONCLUSION</u>

For the reasons set forth above, the Petition must be denied.  An appropriate order follows.


s/Renée Marie Bumb
Renée Marie Bumb
United States District Judge

Dated: August 16, 2012